UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD, | No. 2:16-cv-1232 GEB KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| G. THUMSER, et al., | |
| Defendants. | |

I. Introduction

  Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This action proceeds on plaintiff's second amended complaint alleging that defendants Olson, Harrison, Pompey, Tapiz, and Jones, all employed at Vacaville, failed to protect plaintiff and used excessive force, in violation of the Eighth Amendment. (ECF No. 15.) All defendants have filed an answer, and on November 27, 2017, this action was referred to the undersigned's ADR project, and the case was stayed pending settlement conference, set for March 13, 2018. Despite such stay, on January 8, 2018, plaintiff filed a motion for injunctive relief. Because plaintiff raises serious allegations, the stay is briefly lifted so the court may resolve plaintiff's motion.

  For the reasons set forth below, the undersigned recommends that the motion for injunctive relief be denied.

II. Motion for Injunctive Relief

    A. Legal Standards

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. See generally, Fed. R. Civ. P. 65; see also L. R. 231(a). It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction. Local Rule 231(a); see also, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010) (providing that "'[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions'") (citations omitted).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The Ninth Circuit has held that, even if the moving party cannot show a likelihood of success on the merits, injunctive relief may issue if "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation omitted). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984)).

In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983); see also Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (injunctive relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

B. Plaintiff's Allegations

Plaintiff was housed at California Medical Facility, Vacaville ("CMF"), at the time he filed this action, and the underlying incident took place at CMF. Plaintiff is now housed at California State Prison, Sacramento ("CSP-SAC"). In the instant motion, plaintiff does not identify by name the individuals against whom he seeks injunctive relief, but claims "to seek to protect his constitutional rights against the individuals named and involved in the violation of his constitutional rights because of the potential threat and action of these officials and the actions of officials" including this action and a different action in which plaintiff is litigating the taking of his property.[1] (ECF No. 44 at 2.) Plaintiff claims that:

1. In the past, plaintiff has been assaulted and mentally abused for complaining about his experience of abuse on appeal and witnessed the abuse of other inmates who grieve officials' misconduct, and is "afraid for [his] life." (ECF No. 44 at 2.) Plaintiff prays that this restraining

---

[1] Plaintiff appears to be challenging a loss of property claim in Steward v. Thumser, No. 2:16-cv-2701 AC (E.D. Cal.).

3

order will stop the constant abuse, and claims his life is in danger because of what he has seen and his experience. (Id.) He "suffers continuously each time in retaliation for complaining." (ECF No. 44 at 6.)

    2. Plaintiff's housing unit has been without CDCR22-forms for the past four months, which he alleges prevents inmates from filing an administrative appeal.

    3. When there is a "riot of major proportions," officers from other CDCR facilities are called to assist, and plaintiff would get some relief if defendants were ordered to "steer clear" of plaintiff. (ECF No. 44 at 3.) Plaintiff suffers partial vision loss and requires an inhaler, so that the memories of the underlying incident involving the blinding by pepper spray and being pushed under hot water are "forever scratched in [his] mind." (Id.)

    4. Plaintiff has suffered property loss[2] and assault while sitting on an inmate designated bench, and for standing too slow when ordered to get up and cuff up, despite explaining he had a torn meniscus. (ECF No. 44 at 5.)

    5. Plaintiff claims that all of his appliances have been lost, as well as "a great deal of his legal documents." (ECF No. 44 at 6.)

In conclusion, plaintiff contends that because defendants subjected plaintiff to an assault, he must be granted injunctive relief.

C. <u>Discussion</u>

While the court is sympathetic to plaintiff's difficulties in prison, the undersigned recommends that the motion be denied. The only identifiable and requested relief is a request for an order prohibiting defendants Olson, Harrison, Pompey, Tapiz, and Jones from approaching plaintiff if they are assigned to assist in a future riot of major proportions at CSP-SAC. Such request is too speculative because he has not demonstrated that it is probable CSP-SAC will have another riot of major proportions, or that the defendants named herein would specifically be called from Vacaville to assist in Represa, or that plaintiff might be involved in such a riot. To the extent plaintiff argues that defendants may subject plaintiff to the same excessive force

---

[2] It is unclear whether plaintiff included or intends to include a retaliation claim in case No. 2:16-cv-2701 AC, because plaintiff's motion to amend is pending. See Fed. R. Civ. P. 15(a).

4

alleged herein while plaintiff is now housed at CSP-SAC, such argument is unavailing. When an inmate is transferred to another prison, and there is no reasonable expectation or demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claims for injunctive relief should be dismissed as moot. <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368-69 (9th Cir. 1995); <u>see also</u> <u>Alvarez v. Hill</u>, 667 F.3d 1061, 1064 (9th Cir. 2012) (same for claims for declaratory relief). A claim that an inmate who has been transferred and might be retransferred to the facility where the injury occurred is too speculative to overcome mootness. See <u>Dilley</u>, 64 F.3d at 1369; <u>Wiggins v. Rushen</u>, 760 F.2d 1009, 1010-11 (9th Cir. 1985). Just as it is too speculative that any of the defendants named herein may be called to assist in a riot at CSP-SAC, it is too speculative that plaintiff may be transferred back to Vacaville.

The undersigned acknowledges that plaintiff believes his life is in danger, but plaintiff has not supported such claim with specific and articulable facts demonstrating a credible or imminent threat to his safety. To the extent plaintiff seeks an injunction governing unidentified individuals at CSP-SAC, plaintiff has failed to meet the relevant standard for such an injunction to issue. As noted above, a plaintiff seeking a preliminary injunction must establish, among other things, that he is likely to suffer irreparable harm in the absence of preliminary relief. <u>Winter</u>, 555 U.S. at 20. Here, plaintiff has not identified any individuals at CSP-SAC in the underlying operative complaint, and has not provided specific allegations suggesting he faces real, immediate, or irreparable harm from an individual at CSP-SAC in the instant motion. In short, plaintiff has failed to demonstrate he is currently being subjected to a violation of his rights. Thus, there does not appear to be any harm, much less irreparable harm, that plaintiff will suffer if his request for injunctive relief is denied.

Plaintiff's remaining allegations are too vague and conclusory, both as to time and as to location of the alleged violations, to support a claim for injunctive relief, and also appear unrelated to the underlying incidents. Plaintiff cannot demonstrate a likely success on the merits if his claims for injunctive relief are wholly unrelated to the incident that occurred at CMF and involved defendants Olson, Harrison, Pompey, Tapiz, and Jones. Such new allegations are not at issue in plaintiff's second amended complaint, and therefore will not receive a trial on the merits.

For all of these reasons, plaintiff's motion should be denied without prejudice.

Conclusion

Accordingly, IT IS HEREBY ORDERED that the stay is temporarily lifted, solely for the purpose of resolving plaintiff's motion for injunctive relief;[3] once the district court issues its order addressing these findings and recommendations, the stay is re-implemented until March 13, 2018.

IT IS RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 44) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 11, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/stew1232.pi.adr

---

[3] In other words, no additional filings by the parties are authorized unless the filing pertains to plaintiff's motion for injunctive relief, the instant findings and recommendations, and the district court's order addressing the instant findings and recommendations.

6