UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>G. THUMSER, et al.,<br><br>    Defendants. | No. 2:16-cv-1232 TLN KJN P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 28, 2018, plaintiff filed a document entitled, "Motion for a More Definite Statement." (ECF No. 49.) Despite such title, plaintiff complains that his case was suddenly and without notice assigned to a different district judge, and that the reassignment order used a different case caption, suggesting that there has been "an inadvertent oversight" or a violation of plaintiff's due process rights by the removal of the warden from this case. Plaintiff contends that the order of reassignment "demands an investigation." (ECF No. 49 at 3.)

Under Rule 12(e), a party may move for a more definite statement with respect to a complaint that "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (stating

1

that, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding"). Motions pursuant to Rule 12(e) are generally "viewed with disfavor and are rarely granted[.]" E.E.O.C. v. Alia Corp., 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012).

Plaintiff's concerns are not directed to a pleading filed by any defendant, and therefore is not properly a motion for more definite statement. Rather, plaintiff is concerned about the February 15, 2018 reassignment of his case to a different district judge by Chief Judge O'Neill, and is therefore construed as a request for clarification. However, as the order of reassignment indicated, the reassignment of plaintiff's case was due to Judge Burrell taking senior status. Such reassignment was among many other random reassignments due to the reduction in Judge Burrell's caseload. Such order of reassignment, including whether or not the reassignment order was properly captioned, has no bearing on the merits of plaintiff's case. Rather, this action proceeds according to the court's screening order which found that plaintiff's second amended complaint states potentially cognizable Eighth Amendment claims for relief against defendants Olson, Harrison, Pompey, Tapiz, and Jones pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). (ECF No. 20.)

As noted by plaintiff, the instant action is stayed, and plaintiff shall refrain from filing any further motions pending completion of the March 13, 2018 settlement conference.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 49) is construed as a request for clarification of the February 15, 2018 reassignment order; and

2. Plaintiff's request for an investigation is denied.

Dated: March 7, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/stew1232.inf

2