UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONNY STEWARD,

    Plaintiff,

v.

G. THUMSER, et al.,

    Defendants.

No. 2:16-cv-1232 TLN KJN P

ORDER AND REVISED SCHEDULING ORDER

Plaintiff is a state prisoner, proceeding pro se. Plaintiff filed a motion for leave of court to propound additional interrogatories. Defendants oppose the motion. Plaintiff did not file a reply. As set forth below, plaintiff's motion is partially granted. In light of this order, the scheduling order is also modified.

<u>Motion to Propound More Interrogatories</u>

Plaintiff propounded written discovery, including a set of 51 interrogatories. Defendants responded to the maximum 25 interrogatories as authorized under Rule 33(a)(1) of the Federal Rules of Civil Procedure. Plaintiff appears to ask that defendants be required to answer interrogatories 26 through 51.

This action proceeds on plaintiff's claims that on December 12, 2013, defendants Olson, Harrison, Pompey, Tapiz, and Jones used excessive force and failed to protect plaintiff when an allegedly excessive amount of pepper spray was used on plaintiff while he was engaged in a fight

1

with another inmate, and allegedly used hot water to decontaminate plaintiff thereafter. (ECF No. 15.)

>  (a) In General.
>
>  (1) Number. Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2).
>
>  (2) Scope. An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Fed. R. Civ. P. 33(a).

Review of plaintiff's interrogatories confirms that plaintiff propounded multiple interrogatories that included his arguments concerning the case or addressed issues unrelated to the facts of this case. See, e.g., interrogatories 2 through 9; 22 through 25. (ECF No. 57 at 12-16; 27-29.) Therefore, plaintiff could have obtained his discovery within the 25 interrogatory limit had he appropriately tailored his questions. That said, plaintiff is proceeding without benefit of counsel. Therefore, the undersigned will review plaintiff interrogatories 26 through 51 to determine whether defendants should be required to respond.

In interrogatory 26, plaintiff asked whether on December 12, 2013, or at any time, did inmate Nunez, the inmate with whom plaintiff fought on December 12, 2013, make a statement to Lt. Olson or Sgt. Swan or any official at any time about the altercation he allegedly had with plaintiff. (ECF No. 57 at 29.) Inmate Nunez is a nonparty; however, statements he made that are relevant to the altercation at issue herein may be relevant or lead to the discovery of relevant information. Therefore, defendants shall answer interrogatory 26 with regard to any statement made by inmate Nunez to Lt. Olson, Sgt. Swan, or any other prison official in connection with a subsequent rules violation or disciplinary hearing concerning the December 12, 2013 incident, as to plaintiff or inmate Nunez, regarding the use of force on December 12, 2013, or shortly thereafter.

Plaintiff's interrogatories 27 through 30, 34, 43, and 44 concern the timely processing of a Health Care Services Request ten days after the December 12, 2013 incident, a form-22 that plaintiff submitted over one month after the incident, a request for medical opinion regarding how certain injuries could have occurred, communications with plaintiff and nonparties in this case, including plaintiff's psychiatrist, and why nonparty mental health staff reached their conclusions. (ECF No. 57 at 29-31; 32, 35.) As argued by defendants, the instant action does not allege medical deliberate indifference, and defendants are not medical professionals; thus, defendants are not required to further answer interrogatories 27-30, 34, 43 or 44. Also, plaintiff is advised that interrogatories may only be propounded to parties. Fed. R. Civ. P. 33. Because R.N. Amarcas and V. Pacheco, Psy.D., are not parties to this action, defendants are also not required to answer interrogatories 34, 43 or 44. Thus, no response to interrogatories 27 through 30, 34, 43, and 44 is required by defendants.

Interrogatories 31 through 33 ask defendant correctional officers to answer questions about why plaintiff's administrative appeals were processed in a certain way. (ECF No. 57 at 31-32.) But correctional officers do not process appeals; therefore, such interrogatories are outside the scope of their knowledge as correctional officers. Plaintiff did not ask for information as to whether the appeals he filed exhausted the claims at issue here. Thus, defendants are not required to answer interrogatories 31 through 33. As argued by defendants, if defendants raise failure to exhaust as an affirmative defense in a dispositive motion, plaintiff may challenge such grounds in his opposition.

Interrogatories 35 through 38 concern whether a report was prepared by the I.S.U. or the ISO gang task force concerning the December 12, 2013 incident, and therefore could result in the discovery of potentially relevant information. Defendants shall respond to interrogatories 35 through 38.

Interrogatories 39, 45, 46, and 48 - 51 ask defendants about what actions and statements were made between plaintiff and nonparty Torres at the hearing on the rules violation report. (ECF No. 57 at 33-34, 35-38.) None of these interrogatories are relevant because the questions do not concern the actions or statements of the named defendants. Moreover, Torres is a

nonparty who is not required to answer interrogatories. Defendants are not required to answer.

In his interrogatories 40 and 41, plaintiff seeks information about inmate Nunez, the inmate with whom plaintiff fought on December 12, 2013, as to when and why was Nunez released from administrative segregation. (ECF No. 57 at 29, 34.) However, what occurred to nonparty Nunez after the altercation is not at issue in this lawsuit. Defendants are not required to answer interrogatories 40 and 41. Finally, to the extent plaintiff seeks information that can be obtained from medical records, plaintiff may review and obtain medical records through an Olson Review.

In interrogatory 42, plaintiff asks who were the porters in J-1 on duty at the time Officer Tapiz and Jones found it necessary to decontaminate plaintiff, allegedly under hot water. (ECF No. 57 at 34.) Because this interrogatory may lead to relevant information, defendants shall respond to interrogatory 42.

Interrogatory 47 asks why plaintiff was first housed at the California Medical Facility, which is not at issue here. Defendants are not required to answer interrogatory 47.

Revised Scheduling Order

In light of this order granting additional discovery, the dates for discovery and the filing of pretrial motions must be extended.

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

Because defendants are required to provide additional answers to interrogatories, the discovery deadline is extended to October 4, 2018. No additional discovery may be propounded during this time frame; rather, the deadline is extended to allow defendants to respond to the interrogatories as ordered, and to provide plaintiff time to review the responses and file a motion

4

to compel further responses, if necessary.  In light of the extension of the discovery deadline, the pretrial motions deadline, except for motions to compel discovery, is extended to December 13, 2018.  In all other respects, except as modified by this order, the March 20, 2018 discovery and scheduling order remains in effect.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 57) is partially granted:

    a. Within thirty days from the date of this order, defendants shall provide responses to interrogatories 26, 35 through 38, and 42; and

    b. No responses are required to the remaining interrogatories.

2. No new discovery may be propounded by any party;

3. The March 20, 2018 discovery and scheduling order is revised as follows:

    a. Discovery is reopened for the sole purpose of resolving the responses to interrogatories required by this order;

    b. Discovery closes October 4, 2018; any motions necessary to compel discovery provided pursuant to this order shall be filed by that date; and

    c. All pretrial motions, except motions to compel discovery, shall be filed on or before December 13, 2018. Motions shall be briefed in accordance with paragraph 8 of this court's order filed November 13, 2017.

Dated:  August 14, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/stew1232.mtc