UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD, | No. 2:16-cv-1232 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| G. THUMSER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. This action proceeds on plaintiff's claims that on December 12, 2013, defendants Olson, Harrison, Pompey, Tapiz, and Jones used excessive force and failed to protect plaintiff when an allegedly excessive amount of pepper spray was used on plaintiff while he was engaged in a fight with another inmate, and allegedly used hot water to decontaminate plaintiff thereafter. (ECF No. 15.)

Motion to Compel

On August 14, 2018, the undersigned partially granted plaintiff's motion to propound additional interrogatories. On August 21, 2018, plaintiff signed a motion to compel in which he seeks a court order requiring defendants to respond to all of the additional interrogatories. Defendants oppose plaintiff's motion, arguing that it is premature, moot and unintelligible.

Defendants' position is well-taken. Plaintiff's motion to propound additional interrogatories was only partially granted, and defendants were granted thirty days in which to

respond to interrogatories 26, 35 through 38, and 42. Thus, plaintiff's motion to compel was prematurely filed and is denied.

Motion to Amend

In addition, on September 4, 2018, plaintiff filed a document entitled "Notice of Motion to Amend and Addendum." (ECF No. 62.) In this motion, plaintiff also discusses his motion for leave to propound interrogatories. However, as stated above, the court ruled on plaintiff's motion on August 14, 2018. It is unclear whether plaintiff is attempting to revisit the discovery issues resolved by the August 14, 2018 order, or whether plaintiff is attempting to explain why he needs to amend his pleading. Plaintiff does ask the court to grant plaintiff an additional 45 days in which "to submit a new line of interrogatories in preparation for pretrial and raise the general public awareness of the kind of sadistic malicious and brute excessive force [that plaintiff] and thousands of inmates suffer in the CDCR system and what's being done about the problem of the inefficient and extremely dangerous use of O.C. MK-9 pepper spray." (ECF No. 62 at 13.) Plaintiff then reiterates the facts of his underlying action, and appears to appeal to the court to add additional parties as defendants, as well as new claims.

First, plaintiff has failed to show good cause why he should be granted leave to propound additional interrogatories, particularly where he already propounded 25 interrogatories, and was granted leave to propound six more. Plaintiff's request is denied.

Second, plaintiff has failed to provide a separate proposed third amended complaint that clearly sets forth the named defendants and the proposed causes of action. An amended pleading must make clear who plaintiff is naming as a defendant, and what plaintiff claims each defendant did that allegedly violated his constitutional rights. The proposed amended pleading must be separate from plaintiff's motion to amend. Fed. R. Civ. P. 15; 28 U.S.C. § 1915.

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema

N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). Plaintiff should not include explanations or information concerning interrogatories; rather, he must briefly set forth the facts supporting each cause of action. The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1177. A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

Third, this action was filed in 2016, and plaintiff has already amended his pleading on several occasions. Absent facts not present here, the court is not inclined to allow plaintiff to amend again. Thus, to avoid further delay, plaintiff's proposed third amended complaint must be accompanied by a motion to amend that shows good cause why he needs to amend his pleading again, and at such a late date. If plaintiff chooses to again seek leave to amend, he must file his motion to amend, along with his proposed amended pleading, within thirty days from the date of this order.

Fourth, plaintiff may only add claims or defendants properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common

to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

Here, this action proceeds on plaintiff's claims that defendants used excessive force and failed to protect plaintiff on December 12, 2013. Unless plaintiff can demonstrate that his proposed new claims or new defendants are properly related to the December 12, 2013 incident, plaintiff must pursue his proposed new claims or new defendants in a separate action. Plaintiff is not granted leave to add new claims or defendants unrelated to the December 12, 2013 incident.

Fourth, plaintiff asks the court to allow him to charge inmate Nunez with assault and battery with the intent to cause great bodily harm under California Penal Code § 245. However, criminal statutes do not give rise to civil liability. Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006). Thus, plaintiff's request is denied.

For all the above reasons, plaintiff's motion to amend is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 61) is denied;

2. Plaintiff's request to propound additional interrogatories (ECF No. 62) is denied; and

3. Plaintiff's motion (ECF No. 62) is denied without prejudice. If plaintiff chooses to again seek leave to amend, plaintiff must file his motion to amend, accompanied by his proposed amended pleading, within thirty days from the date of this order. Any proposed third amended complaint must be filed on the court's form, and may not exceed 15 pages. Plaintiff's proposed third amended complaint shall comply with the requirements of the Civil Rights Act, the Federal

////

////

////

Rules of Civil Procedure, and the Local Rules of Practice. The proposed third amended complaint must also bear the docket number assigned to this case and must be labeled "Proposed Third Amended Complaint."

Dated: September 13, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/stew1232.mtc2