UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>G. THUMSER, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-1232 TLN KJN P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On September 26, 2018, counsel for defendants filed a request for an informal discovery phone conference.

Defendants' Request

On September 7, 2018, defendants noticed plaintiff's deposition for October 4, 2018. Defendants' counsel states he spoke with plaintiff on September 21, 2018, to meet and confer regarding written discovery responses. Plaintiff confirmed receipt of the deposition notice, but informed counsel that he intended to object to the deposition because he felt entitled to representation by counsel, and should not be compelled to testify without an attorney. Defendants' counsel encouraged plaintiff to file a motion with the court as soon as possible so the matter could be addressed before the deposition date. Plaintiff stated he would. As of September

1

26, 2018, plaintiff has not filed a motion or objections to the deposition notice. In an effort to avoid appearing at the deposition only to have plaintiff refuse to testify, counsel asks the court to hold a phone conference with both parties prior to the deposition date to resolve the matter. In the alternative, defendants' counsel asks the court to issue an order instructing plaintiff of his obligation to testify at the deposition and warning him that his failure to submit to deposition may result in sanctions, including reimbursement of defendants' costs and dismissal of this case.

Discussion

Review of the court docket as of the date of this order reflects no motion for protective order or any objection to defendants' deposition notice. However, on September 13, 2018, in plaintiff's statement in support of his motion to amend, he added a note stating: "It's approx. 5:30 p.m. I just received letter from Deputy Atty Gen. . . . with an invitation to a deposition. Well Magistrate Judge Kendall J. Newman it's your call – So be it."[1] (ECF No. 66 at 6.) Such note does not indicate that plaintiff does not intend to attend the deposition. Therefore, defendants' motion for telephonic hearing is denied. However, in an abundance of caution, plaintiff is provided with the following admonitions.

"Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); see also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam) (failure of pro se litigant to follow procedural rules justified dismissal of civil rights action). Thus, plaintiff is required to comply with court orders, Local Rules, and the Federal Rules of Civil Procedure. (See also ECF No. 31 at 5, ¶ 15.)

There is no constitutional right to counsel in a civil case. Lassiter v. Dep't of Social Servs., 452 U.S. 18, 25 (1981); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). Further, there is no constitutional right to a court-appointed attorney in section 1983 claims. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981)). Plaintiff's motion for appointment of counsel was denied on June 1, 2018.

---

[1] Plaintiff's motion to amend was denied on September 13, 2018, the same date plaintiff signed his statement in support. (ECF No. 65.) Plaintiff's renewed motion to amend, accompanied by his proposed amended complaint, if any, must be filed on or before October 13, 2018. (Id.)

Rule 30 provides that a party may depose any person without leave of court except that a party must obtain leave of court if a deponent is confined in prison. Fed. R. Civ. P. 30(a). By order filed March 20, 2018, defendants were granted leave to depose plaintiff provided at least fourteen days' notice was provided. (ECF No. 52 at 5.) If a party, after being served with proper notice, fails to appear for the deposition, the court may order sanctions. Fed. R. Civ. P. 37(d)(1)(A). The failure to appear for a deposition is not excused even if the discovery sought is objectionable unless the party has a pending motion for protective order under Rule 26(c). Fed. R. Civ. P. 37(d)(2). If a party fails to appear for deposition, sanctions may be imposed even in the absence of a prior court order. Fed. R. Civ. P 37(d)(1)(A)(i); Henry v. Gill Industries, Inc., 983 F.2d 943, 947 (9th Cir. 1993). Sanctions may include those listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). As provided under Rule 37(d), the following sanctions are permitted for a party's failure to appear for a deposition:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party . . . .

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). These sanctions also apply when a party fails to obey a discovery order. Fed. R. Civ. P. 37(b). Courts have dismissed pro se prisoner cases where the pro se plaintiff failed to submit to a deposition, finding, *inter alia*, that monetary sanctions were not feasible. See, e.g., Kindred v. Doe, 2014 WL 793095, at *3 (C.D. Cal. Feb. 26, 2014) ("[U]nder the circumstances presented (i.e. plaintiff's pro per and if[p] status), it does not appear to the Court that there are any less drastic sanctions available for the Court to impose."); Meeks v. Nunez, 2017 WL 908733 (S.D. Cal. March 8, 2017) (granting defendants' motion to terminating sanctions).

Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' request for informal discovery phone conference (ECF No. 67) is denied;

2. The Clerk of the Court shall fax a copy of this order to the litigation coordinator at Kern Valley State Prison, 661-720-4949; and

3. The court requests that the Kern Valley State Prison litigation coordinator deliver a copy of this order to plaintiff prior to October 4, 2018.

Dated: September 27, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/stew1232.dep

4