UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>G. THUMSER, et al.,<br><br>    Defendants. | No. 2:16-cv-1232 TLN KJN P<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This action proceeds on plaintiff's second amended complaint alleging that defendants Olson, Harrison, Pompey, Tapiz, and Jones, all employed at the California Medical Facility ("CMF") in Vacaville, California, failed to protect plaintiff and used excessive force, in violation of the Eighth Amendment. (ECF No. 15.) All defendants have filed an answer. On January 25, 2019, plaintiff filed a motion requesting emergency injunctive relief. (ECF No. 92.) For the reasons set forth below, the undersigned recommends that the motion for injunctive relief be denied.

I. <u>Motion for Injunctive Relief</u>

    A. <u>Legal Standards</u>

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The Ninth Circuit has held that, even if the moving party cannot show a likelihood of success on the merits, injunctive relief may issue if "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation omitted). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984)).

In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. See, e.g., Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 234-35 (1916); Zepeda v. INS, 753 F.2d 719, 727-28 (9th Cir. 1983). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

////

////

2

B. Plaintiff's Motion

Plaintiff is now housed at Kern Valley State Prison, in Delano, California ("KVSP"). In the instant motion, plaintiff contends he needs his cane, orthotic boots, mobility vest, and his glasses "yesterday!" (ECF No. 92 at 3.) Plaintiff claims he was finally diagnosed with glaucoma by an outside eye doctor, Dr. Tesluk. On December 27 or 28 of 2018, plaintiff saw his primary care doctor, Dr. Rohrdanz, who said he would order plaintiff's cane, but when the therapist looked on the computer on January 15, 2019, there was no order for a cane, just for orthotic boots, and no order for a further eye appointment for plaintiff to get his eyeglasses replaced. Also, plaintiff claims that LVN Blankenship is responsible for failing to make out orders for Dr. Rohrdanz's approval. (ECF No. 92 at 4.) Further, plaintiff claims the medical officers at KVSP are intentionally violating plaintiff's Eighth Amendment rights. Plaintiff also alleges he is being wrongfully charged co-payments for medical care. (Id. at 5-7.) As relief, plaintiff asks the court to investigate the delay in getting plaintiff's glasses, cane, and orthotic boots. (ECF No. 92 at 5.) Plaintiff alleges that he has been without his cane, mobility vest, orthotic boots, and bifocal glasses since January 1, 2018. (ECF No. 92 at 2.)

C. Discussion

Initially, the undersigned notes that plaintiff withdrew a prior motion for injunctive relief, and thanked the court for informing plaintiff concerning Rule 65(b)(1)(A) of the Federal Rules of Civil Procedure, as well as Local Rule 231(a). (ECF No. 46 at 4.) In the now-vacated findings and recommendations addressing plaintiff's prior motion for injunctive relief, plaintiff was advised of all the legal standards governing motions for preliminary injunctive relief set forth above. (ECF No. 45 at 2-3.)

In the instant motion, plaintiff raises no allegations concerning the named defendants herein, and his new medical claims are not related to the Eighth Amendment excessive force claims pending in this action. Plaintiff was housed at CMF at the time he filed this action, and proceeds based on incidents that took place at CMF. The medical claims raised in plaintiff's instant motion for injunctive relief took place at KVSP, and involve individuals who are not named as defendants in this action. Thus, plaintiff's claims for injunctive relief will not be heard

on the merits in this action, and plaintiff cannot demonstrate a likely success on the merits of his claims for injunctive relief because such claims are wholly unrelated to what took place at CMF and involved defendants Olson, Harrison, Pompey, Tapiz, and Jones. See Zenith Radio Corp., 395 U.S. at 112; Zepeda, 753 F.2d at 727 ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). This court does not have jurisdiction to order non-parties to provide plaintiff with the items he requests. Plaintiff's request for injunctive relief should be denied without prejudice.[1]

II. Return of Original

In his motion, plaintiff notes that he is on lockdown and was unable to retain a copy of his motion and exhibits. Because plaintiff may be able to use his original to pursue an action in the Fresno Division of this court, and his motion has been scanned into CM/ECF, the Clerk of the Court is directed to return plaintiff's original motion (ECF No. 92), filed January 25, 2019, to plaintiff.

Conclusion

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall return plaintiff's original motion and exhibits (ECF No. 92) to plaintiff at his address of record; and

IT IS RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 92) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

---

[1] If plaintiff wishes to seek relief on his medical Eighth Amendment claims, he must first exhaust his administrative remedies, and then may file a civil rights complaint in the Fresno Division of this court. See Farmer v. Brennan, 511 U.S. 825, 847 (1994) ("When a prison inmate seeks injunctive relief, a court need not ignore the inmate's failure to take advantage of adequate prison procedures, and an inmate who needlessly bypasses such procedures may properly be compelled to pursue them.").

4

objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 31, 2019

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/stew1232.pi2