UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNY STEWARD,<br><br>    Plaintiff,<br><br>    v.<br><br>G. THUMSER, et al.,<br><br>    Defendants. | No. 2:16-cv-1232 TLN KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel. Defendants seek sanctions based on plaintiff's intentional refusal to participate in his deposition, properly-noticed for October 4, 2018. On that same day, plaintiff signed his own motion for sanctions based on defendants' alleged noncompliance with "Local Rule 110 (Fed. R. Civ. P. 11)." (ECF No. 71 at 1, 30.)

As discussed below, plaintiff's motion for sanctions is denied, and the undersigned recommends that this action be dismissed as a sanction for plaintiff's intentional and willful refusal to participate in his properly-noticed deposition, despite the court's prior order.

II. Background

On September 20, 2017, the parties were cautioned that any party's failure to comply with the Federal Rules of Civil Procedure may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default. (ECF No. 23 at 5, Fed. R. Civ. P. 41(b).)

On March 20, 2018, the court issued its discovery and scheduling order setting the discovery deadline for July 20, 2018, and the pretrial motions deadline for October 11, 2018. The parties were also informed that defendants may depose plaintiff while confined in prison, provided at least fourteen days' notice was served on all parties as required under Rule 30(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 52 at 5.) Further, the parties were warned that if disputes arise about the parties' obligation to respond to requests for discovery, the parties must comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure and Rules 134, 135, 130, 131, 110, 142, and 230(l) of the Local Rules of Practice for the United States District Court, Eastern District of California. (ECF No. 52 at 5.)

On August 14, 2018, plaintiff's discovery motion was partially granted, and the discovery deadline was extended to October 4, 2018, to permit additional responses to interrogatories to be provided by defendants as well as motions to compel discovery to be filed and resolved; the pretrial motions deadline was continued to December 13, 2018. (ECF No. 60.)

On September 7, 2018, defendants noticed plaintiff's deposition for October 4, 2018, the last day of the revised discovery period. (ECF No. 67 at 5.) Defendants' supplemental responses to interrogatories were served on plaintiff on September 12, 2018. (ECF No. 75-1 at 21.)

On September 26, 2018, counsel for defendants (hereafter "counsel") filed a request for informal discovery phone conference with the court. (ECF No. 67.) Counsel had called plaintiff on September 21, 2018, regarding written discovery responses, and counsel declared that plaintiff confirmed receipt of the deposition notice, but stated that "he felt that he was entitled to representation by [an attorney] and that he should not be compelled to testify without an attorney present on his behalf." (ECF No. 67 at 2.) Counsel informed plaintiff that if plaintiff intended not to testify, he should submit a motion to the court as soon as possible so the matter could be addressed prior to the deposition, and plaintiff stated he would. (Id.) Because no such request was filed by September 26, counsel sought court relief, and asked that if no phone conference was set, the court issue an order instructing plaintiff of his obligation to testify at the deposition. (Id.)

On September 27, 2018, the court issued an order noting that no motion for protective order or objection to defendants' deposition notice had been filed by plaintiff, but that on

2

September 13, 2018, plaintiff wrote a relevant statement in support of his motion to amend: "It's approx. 5:30 p.m. I just received . . . an invitation to a deposition. Well Magistrate Judge . . . Newman it's your call – So be it." (ECF No. 68 at 2, quoting ECF No. 66 at 6.) In addition to informing plaintiff that he did not have a right to counsel in a civil matter, the court provided plaintiff the following admonitions:

> "Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); see also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam) (failure of pro se litigant to follow procedural rules justified dismissal of civil rights action). Thus, plaintiff is required to comply with court orders, Local Rules, and the Federal Rules of Civil Procedure. (See also ECF No. 31 at 5, ¶ 15.)
>
> . . .
>
> Rule 30 provides that a party may depose any person without leave of court except that a party must obtain leave of court if a deponent is confined in prison. Fed. R. Civ. P. 30(a). By order filed March 20, 2018, defendants were granted leave to depose plaintiff provided at least fourteen days' notice was provided. (ECF No. 52 at 5.) If a party, after being served with proper notice, fails to appear for the deposition, the court may order sanctions. Fed. R. Civ. P. 37(d)(1)(A). The failure to appear for a deposition is not excused even if the discovery sought is objectionable unless the party has a pending motion for protective order under Rule 26(c). Fed. R. Civ. P. 37(d)(2). If a party fails to appear for deposition, sanctions may be imposed even in the absence of a prior court order. Fed. R. Civ. P 37(d)(1)(A)(i); Henry v. Gill Industries, Inc., 983 F.2d 943, 947 (9th Cir. 1993). Sanctions may include those listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). As provided under Rule 37(d), the following sanctions are permitted for a party's failure to appear for a deposition:
>
>   (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
>   (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
>   (iii) striking pleadings in whole or in part;
>
>   (iv) staying further proceedings until the order is obeyed;
>
>   (v) dismissing the action or proceeding in whole or in part;
>
>   (vi) rendering a default judgment against the disobedient party . . . .

> Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). These sanctions also apply when a party fails to obey a discovery order. Fed. R. Civ. P. 37(b). Courts have dismissed pro se prisoner cases where the pro se plaintiff failed to submit to a deposition, finding, *inter alia*, that monetary sanctions were not feasible. See, e.g., Kindred v. Doe, 2014 WL 793095, at *3 (C.D. Cal. Feb. 26, 2014) ("[U]nder the circumstances presented (i.e. plaintiff's pro per and if[p] status), it does not appear to the Court that there are any less drastic sanctions available for the Court to impose."); Meeks v. Nunez, 2017 WL 908733 (S.D. Cal. March 8, 2017) (granting defendants' motion to terminating sanctions).

(ECF No. 68 at 2-3.) Defendants' request for informal discovery phone conference was denied, but the court directed that a copy of the order be faxed to the litigation coordinator, who was asked to deliver a copy of the order to plaintiff prior to October 4, 2018. (ECF No. 68 at 4.)

On September 27, 2018, at 12:49 p.m., a correctional counselor at Kern Valley State Prison delivered plaintiff a copy of the September 27, 2018 order. (ECF No. 75-2 at 2.) Indeed, at the October 4, 2018 deposition, plaintiff admitted he received the order, stating he has "two, three copies. The judge sent me two copies." (Pl.'s Dep. at 6.)

On October 4, 2018, defendants filed a motion for sanctions and dismissal of the case based on plaintiff's refusal to comply with the court's clear discovery orders, and provided the deposition transcript. At the deposition, counsel attempted to persuade plaintiff to participate in the deposition in light of the September 27, 2018 order, but plaintiff refused. Counsel attempted to contact the court during the deposition so plaintiff could state his objections, but the undersigned was unavailable. (Pl.'s Dep. at 7.) Despite further pressing, plaintiff "absolutely" refused to testify. (Id. at 7-8.) Defendants argue that monetary sanctions are ineffective given plaintiff's in forma pauperis status, and argue that plaintiff's willful disobedience of the court's orders demonstrates that "there is no indication that an order compelling plaintiff to testify will yield a different result in the future." (ECF No. 70-1 at 4.) Defendants also argue that they should be awarded monetary sanctions requiring plaintiff to reimburse all costs associated with the failed deposition attempt, in an amount of at least $2,210.00. (Id. at 5.)

III. Plaintiff's Motion for Sanctions

Because plaintiff's motion for sanctions includes his opposition to defendants' motion for terminating sanctions, as well as defendants' response, this motion is addressed first.

4

A. Plaintiff's Motion

On October 4, 2018, plaintiff signed, under penalty of perjury, a motion to sanction defendants for their alleged "noncompliance to Rule 110 (Fed. R. Civ. P. 11)." (ECF No. 71.) Plaintiff repeats his underlying Eighth Amendment allegations, and discusses difficulties he has had obtaining documents regarding the exhaustion of his administrative remedies. Plaintiff confirms he spoke with counsel by phone on September 21, 2018, and that they spoke about counsel coming to the prison on October 4, 2018, for plaintiff's deposition. (ECF No. 71 at 4.) Plaintiff states he "reserved the right to decline the invitation on technical terms of [his] civil rights not observed" because counsel "had disobeyed [court] orders to respond to certain interrogatories that would have better prepared [plaintiff] to respond clearly to [counsel's] questions." (Id.) Further, plaintiff declares that he and counsel "agreed that [plaintiff] would send her a motion in opposition to the deposition explaining [plaintiff] was unprepared for the deposition." (ECF No. 71 at 5.) Plaintiff confirms that counsel told plaintiff he "needed to file [his] opposition within a week so that she would not be wasting her time coming here to Kern Valley State Prison." (Id.) Plaintiff provides a copy of his outgoing mail log which he claims shows that his opposition to the deposition was mailed to counsel on September 24, 2018. Following receipt of the mail log, plaintiff claims he was "disappointed" "because [he] had explained to [counsel] that [he] would need for her to send a copy to [the court] . . . because of how long it would take [plaintiff] to get scheduled in the law library to make a copy." (ECF No. 71 at 6.) Plaintiff claims that not only did counsel not send the court a copy of his motion in opposition, she denied receiving the motion altogether, and threatened sanctions. (Id.) Plaintiff claims he seeks sanctions for the obstruction of justice and misuse and abuse of the court process of discovery rules violations, citing Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). Plaintiff declares he "mailed the motion in opposition to [ ] counsel so she would not come all this way to be aware that [plaintiff] was not prepared to depose." (ECF No. 71 at 7.) Plaintiff recites reasons why counsel knew plaintiff was unprepared for the deposition, asks the court to dismiss the defendants' counter claim and indict counsel for "fraudulent preparation of court documents," and award plaintiff $150,000.00. (ECF No. 71 at 8.)

B. <u>Defendants' Opposition</u>

Defendants oppose plaintiff's motion for sanctions because plaintiff failed to provide any legal justification for the imposition of sanctions, and argue plaintiff's "allegations in the motion are an inaccurate version of the facts made to excuse his failure to submit to a timely noticed deposition." (ECF No. 75 at 1.) Specifically, plaintiff points to no court order that defendants violated, and plaintiff's motion to compel further discovery responses was litigated (ECF No. 60), and defendants timely supplemented their interrogatory responses as the court ordered (ECF No. 75-1 at 2; 8-20.) Counsel declares that during the September 21, 2018 phone call with plaintiff, "the only mention of an opposition to the deposition was when [counsel] instructed plaintiff to file objections with the Court if he intended not to testify so that the Court could address the matter before the deposition. [Counsel] made no other 'agreement' with plaintiff." (ECF No. 75-1 at 2.)

Further, defendants argue that plaintiff's mail log demonstrates that plaintiff received the deposition notice well in advance of the October 4, 2018 deposition, and thus had plenty of time to object. In addition, although the mail log reflects "outgoing mail" to the Office of the Attorney General on September 24, 2018, the log does not reflect what the document was or when/if the document would have been received by the Office of the Attorney General, and the mail log does not reflect that a copy was mailed to the court that day. (ECF No. 74 at 10.) By contrast, the mail log shows plaintiff mailed at least four other documents to the court between September 11 and 28, 2018, three of which were addressed to the undersigned. (ECF No. 74 at 10.)

Defendants contend that the court docket reflects that none of those filings contained objections to the deposition, and defendants had not received any objection to the deposition when they filed their request for an informal conference (ECF No. 67). Defendants argue that this evidence, as well as the lack of evidence, demonstrate plaintiff could have filed objections to the deposition had he chosen to do so. Further, defendants argue that their efforts to comply with discovery deadlines are not sanctionable, and that they had no obligation to seek an extension of the discovery deadline on plaintiff's behalf.

////

Counsel denies that in the September 21, 2018 phone call plaintiff told counsel plaintiff was unprepared for the deposition. Rather, "the only mention of an opposition to the deposition during this phone call was when [ ] counsel instructed plaintiff to file objections with the court if he intended not to testify so that the court could address the matter before the deposition; no other 'agreement' was made." (ECF No. 75 at 5; see also ECF No. 67 at 2.) Further, defendants argue that they took steps to ensure plaintiff cooperated in the deposition prior to the deposition, were not obligated to make any motions on plaintiff's behalf, and are not subject to sanctions for plaintiff's inaction. (ECF No. 75 at 5.)

C. Plaintiff's Reply[1]

On November 13, 2018, plaintiff filed a 63-page document styled, "Privilege Log in Support of Motion to Sanction for Defendants' Noncompliance Rule 110 (Fed. R. Civ. P. 11); Supplemental Response to the Defendants' Declaration of Counsel in Support of Motion for Sanctions and Dismissal of the Case." (ECF No. 78.)

Plaintiff again argues the merits of his Eighth Amendment claims. (ECF No. 78 at 2-4.) Plaintiff then claims that defendants and their attorney have "concealed their wrong behind confidentiality," again discussing the merits of his underlying claims, and objecting to portions of defendants' answer. (ECF No. 4-7.) Plaintiff claims he has the right to withhold from counsel information of the ongoing investigation of his foot which plaintiff claims was damaged in the course of the fall in the shower that caused nerve damage "until such time as the investigation of the extent of the nerve damage is complete." (ECF No. 78 at 7.) Plaintiff then discusses responses to interrogatories and the exhaustion of administrative remedies. (ECF No. 78 at 8-12.)

Plaintiff argues that the mail log demonstrates he sent the opposition to the deposition to counsel and claims it "can be and will be traced to her office in Sacramento where it can be affirmed she signed for each piece that has a bar code and graphic stamped date," and plaintiff intends to prosecute her. (ECF No. 78 at 13.) Plaintiff claims that counsel used a flaw in the

---

[1] Local Rule 230(l) contemplates the filing of a motion, an opposition, and a reply. Id. Over a month and a half after filing his reply, plaintiff filed exhibits and privilege logs, purportedly in support of his motion for sanctions. (ECF Nos. 87, 88, & 89.) The court finds such filings untimely, and are not considered in connection with plaintiff's motion for sanctions.

process to "deny receiving plaintiff's opposition to her deposition for the express purpose to move for dismissal of this action." (Id.) Further, he claims that counsel "had predetermined a deposition between us 'without inquiring plaintiff's business for that day.'" (ECF No. 78 at 14.) Plaintiff concedes that during the September 21, 2018 phone call he explained to counsel that he did not have an attorney, but claims he told her he was waiting for her to answer the interrogatories. Plaintiff claims that he explained to her that once the interrogatories were answered, he "might be better prepared to counter with his own deposition," and this prompted counsel to request plaintiff send her an opposition to the deposition notice, which he did. (ECF No. 78 at 14.) Plaintiff objects that counsel alone planned the deposition without plaintiff's input. (ECF No. 78 at 15:5-6.)

As to the mail log, plaintiff argues that the fact that the September 24, 2018 entry specifically identifies the recipient as "A.H. Mohmoud, DAG" confirms that this was his opposition to the deposition mailed to her. (ECF No. 15-16.) Plaintiff argues that counsel can be sanctioned for the failure to answer interrogatories. (ECF No. 78 at 18.) Plaintiff further objects that defendants failed to produce evidence concerning inmate Nunez. (ECF No. 78 at 19-24.)

D. Discussion

Plaintiff has failed to demonstrate that he is entitled to sanctions under Local Rule 110 or Rule 11 of the Federal Rules of Civil Procedure.[2] The gravamen of plaintiff's motion appears to be his claim that defendants failed to produce evidence or documents during the discovery process. However, plaintiff points to no discovery order defendants have violated. In order to obtain sanctions based on a failure to cooperate or produce discovery, plaintiff must first file a motion to compel discovery responses, and then, following issuance of an order requiring the production of such discovery, plaintiff must demonstrate that defendants violated the order requiring the production of discovery. Plaintiff has not done so. Indeed, in the August 14, 2018 order, plaintiff was informed that any motions necessary to compel discovery provided under

---

[2] Local Rule 110 provides that "Failure of counsel or a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110.

such order must be filed by October 4, 2018, the revised discovery deadline. (ECF No. 60.) Defendants supplemented their discovery responses on September 12, 2018. Plaintiff did not file a motion to compel by October 4, 2018, and discovery is now closed. Thus, to the extent plaintiff is now attempting to challenge discovery responses in the instant motion for sanctions, such effort is improper and untimely.

Similarly, plaintiff's reliance on Rule 11 is unavailing because Rule 11 "does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d). "Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'" Islamic Shura Council of Southern California v. F.B.I., 757 F.3d 870, 872 (9th Cir. 2014) (per curiam) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990)). Defendants' motion for terminating sanctions was properly filed and does not constitute sanctionable conduct. Plaintiff has not identified any other conduct on the part of defendants or their counsel that warrants the imposition of sanctions under Rule 11.

For all of the above reasons, plaintiff's motion for sanctions is denied.

IV. Defendants' Motion for Terminating Sanctions

Defendants move for terminating sanctions against plaintiff for his refusal to comply with a court order and submit to deposition, and seek reimbursement of at least $2,120.00 for the reasonable expenses and attorney's fees incurred as a result of plaintiff's unjustified failure to submit to a deposition. (ECF No. 70.)

A. Rule 37

Federal Rule of Civil Procedure 37 permits the court to impose sanctions -- including dismissal -- on a party who fails to attend a properly noticed deposition. Fed. R. Civ. P. 37(d). Circumstances must "overcome the strong policy favoring disposition of cases on their merits" to justify terminating sanctions. United States for Use of Ben. Of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc., 857 F.2d 600, 605 (9th Cir. 1988). In addition, the "harsh sanction" of dismissal, even for "a party's repeated failure to appear for deposition," is only proper when the

1 failure "is due to the willfulness, bad faith, or fault of the party." Stars' Desert Inn Hotel &
2 Country Club, Inc. v. Hwang, 105 F.3d 521, 525 (9th Cir. 1997).  Dismissal and default are such
3 drastic remedies, they may be ordered only in extreme circumstances -- i.e., willful disobedience
4 or bad faith.  In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996).  Nevertheless, "sanctions,
5 including dismissal, may issue for a complete or serious failure to respond to discovery . . . even
6 absent a prior court order compelling the discovery." Hupp v. San Diego County, 2014 WL
7 1921769, *3 (S.D. Cal. May 13, 2014) (citing Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir.
8 1981).)  Even a single willful violation may suffice depending on the circumstances.  Valley
9 Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1056 (9th Cir. 1998) (dishonest concealment of
10 critical evidence justified dismissal).

   B.  Standards Governing Terminating Sanctions

District courts retain broad discretion to control their dockets and "[i]n the exercise of that power they may impose sanctions, including where appropriate, default or dismissal." Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007)[3] (brackets in original) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)).  "[C]ourts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." Fjelstad v. American Honda Motor Co., Inc., 762 F.2d 1334, 1338 (9th Cir. 1985) (internal quotations and citation omitted); see, e.g., Anheuser-Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995) (upholding dismissal where party engaged in deceptive practices that undermined the integrity of the proceedings).  But such a harsh penalty "should be imposed as a sanction only in extreme circumstances." Thompson, 782 F.2d at 831 (citing Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  Courts have dismissed an action with prejudice for various reasons.  See, e.g., Malone v. United States Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson, 779 F.2d at 1424 (dismissal for failure to prosecute and for failure to comply with local rules);

---

[3] Adams was overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

Sanchez v. Rodriguez, 298 F.R.D. 460, 464 (C.D. Cal. 2014) (applied terminating sanctions for pro se plaintiff's failure to respond to discovery requests).

Accordingly, the Ninth Circuit permits imposition of such terminating sanctions only after the district court has weighed: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Thompson, 782 F.2d at 831; Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions.") (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)).

C. Discussion

Whether or not plaintiff mailed an opposition to the deposition to counsel on September 24, 2018, is not the issue here. This motion turns on plaintiff's failure to timely seek relief from the court, and his failure to comply with the court's order and submit to deposition. Plaintiff's deposition was properly noticed for October 4, 2018, and he received timely notice. Although plaintiff spoke with counsel on September 21, 2018, no agreement to continue the deposition was reached. Plaintiff's alleged mailing on September 24, 2018 is of no consequence because it was not directed to the court and pre-dated the court's order. Moreover, by contacting the court on September 26, 2018, counsel took further steps to ensure plaintiff was informed that the October 4, 2018 deposition would proceed. The next day, September 27, 2018, the court informed plaintiff of his obligation to attend the deposition, and warned plaintiff about the consequences if he failed to do so. It is undisputed that plaintiff received the court order prior to the deposition.

Importantly, discovery closed on October 4, 2018. Plaintiff did not file with the court a timely motion for protective order as to the September 7, 2018 deposition notice, or a formal request to continue the deposition, or a request to extend the discovery deadline. Plaintiff did not object to the court's September 27, 2018 order, either prior to the deposition or after. At the October 4, 2018 deposition, the transcript does not reflect that plaintiff objected that counsel showed up despite his earlier mailing an opposition to the deposition to her, or that he was unprepared, or that counsel had agreed to receive his request to oppose the motion and forward

11

the request to the court. (Pl.'s Dep., *passim*.) Rather, he refused to be sworn in, and indicated he had no intent to testify. (Pl.'s Dep. at 5.) After the refused deposition, on October 4, 2018, plaintiff promptly drafted his own motion for sanctions, complete with exhibits and a copy of his outgoing mail log. Plaintiff provided no copy of the purported opposition to the deposition.[4]

In any event, the record supports this court's finding that plaintiff's refusal to participate in the deposition was willful. "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003) (citation omitted); see also Henry, 983 F.2d at 948. In his opposition, plaintiff studiously avoided addressing his failure to comply with the court's order; rather, he places all the blame on counsel in connection with the purported request plaintiff concedes was not filed with the court. Plaintiff's continued reference to the deposition notice as an "invitation" and his claim that he had a right to decline such an invitation, demonstrates his intentional disregard for his legal obligation to submit to a deposition or comply with the court order. (ECF No. 66 at 6; 71 at 4.) In addition, his claim that he can withhold evidence from defendants until he determines it is appropriate to provide it (ECF No. 78 at 7), also supports the finding that his refusal was willful, and also violates Rule 26 of the Federal Rules of Civil Procedure. Plaintiff's failure to acknowledge the September 27, 2018 order and the October 4, 2018 discovery deadline, or adequately explain why he failed to timely seek relief <u>from the court</u> suggests plaintiff believes he can simply do what he wants, no matter what the court orders. Tellingly, despite the October 4, 2018 discovery deadline, plaintiff continues to file motions and other documents purporting to seek discovery and other relief based on alleged failures to provide discovery. (See, e.g., ECF Nos. 80, 82, 85, 90, 91.) But because discovery closed October 4, 2018, such belated filings concerning discovery further demonstrate plaintiff's willful disregard for court orders and deadlines.

////

---

[4] As pointed out by counsel, defendants are not required to serve documents or seek an extension of the discovery deadline on behalf of plaintiff. Plaintiff's continued requests that counsel be indicted are also inappropriate.

12

The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket also weigh in favor of dismissal. This action has been pending since June of 2016, and plaintiff's willful refusal to comply with the September 27, 2018 order and to submit to deposition within the revised discovery period, further delays timely resolution of this action. Moreover, plaintiff's continued filing of discovery motions in flagrant disregard of the October 4, 2018 discovery deadline, further congests the court's docket and usurps scarce judicial resources.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Malone, 833 F.2d at 131). The risk of prejudice is considered in relation to plaintiff's reason for defaulting. Id. (citing Yourish v. Cal. Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)). Plaintiff's bald and belated claim that he was "unprepared" is insufficient to justify his absolute refusal to submit to deposition, particularly in light of counsel's advance efforts to ensure plaintiff was aware of his legal obligation to do so. The deposition was scheduled on the last day of the discovery deadline, and there was no indication that the court would be inclined to again extend the discovery deadline. Moreover, defendants incurred additional monetary costs based on plaintiff's failure to submit to deposition. Plaintiff's actions delayed the filing of dispositive motions, which were due on December 13, 2018, which also delays trial setting. Furthermore, plaintiff's refusal to submit to deposition substantially hinders defendants' ability to investigate and defend against his allegations. Defendants have been prejudiced by plaintiff's actions.

The fourth factor weighs against dismissal, since "public policy strongly favors disposition of actions on the merits." Yourish, 191 F.3d at 992 (citation and internal quotation marks omitted). However, in this case it is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, the court finds that there are no other, lesser sanctions that would be satisfactory or effective. Plaintiff refused to submit to deposition despite the warnings included in the

September 27, 2018 order. On this record, such warnings constitute sufficient attempts at alternative sanctions. See, e.g., Anderson v. City of Davis, 368 Fed. Appx. 851 (9th Cir. 2010); Puckett v. Dyer, 331 Fed. Appx. 476, 477 (9th Cir. 2009); Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (1992) (citing Malone, 833 at 132-33; Henderson, 779 F.2d at 1424). Nevertheless, in light of plaintiff's complete disregard for the September 27, 2018 order, and his failure to adequately explain his non-compliance with such order, the court finds that lesser sanctions would be ineffective and insufficient to address plaintiff's willful behavior. The court has considered staying the case until plaintiff submits to deposition, but given his statement that he can withhold evidence, it is unclear plaintiff would cooperate in a re-noticed deposition. Moreover, exclusionary sanctions would likely be ineffective, since the court is unable to prospectively determine what kind of information and evidence plaintiff is withholding such that it could be effectively excluded. Furthermore, given plaintiff's incarceration and in forma pauperis status,[5] he would almost certainly be unable to pay any monetary sanctions, particularly the sum of $2,120.00, making such alternative sanctions ineffective. For all of these reasons, the court finds that lesser sanctions would not be effective.

### D. Conclusion

The court finds that plaintiff's unjustified refusal to participate in the deposition constitutes a willful and bad faith disregard for the discovery process and violated this court's September 27, 2018 order, and his continued refusal to abide by court orders and deadlines, demonstrate that this is an extreme case warranting the imposition of terminating sanctions.

Therefore, the undersigned recommends that defendants' motion for reimbursement of expenses be denied, and the motion for terminating sanctions be granted, and this action be dismissed with prejudice.

////

////

////

---

[5] Plaintiff's now outdated trust account statement reflects only sporadic deposits of amounts ranging from $60.00 to $100.00 on less than a monthly basis. (ECF No. 9 at 2.)

V. Belated Motions re Discovery

As set forth above, plaintiff has filed several motions and other documents regarding discovery. However, discovery closed on October 4, 2018. Thus, plaintiff's motions and documents are untimely and are denied. (ECF Nos. 80, 82, 85, 90, 91.)

VI. Further Filings

Since December 1, 2018, plaintiff has filed thirteen documents in this action, many of which were untimely. A litigant proceeding in forma pauperis may suffer restricted access to the court where it is determined that he has filed excessive motions in a pending action. DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); see also Tripati v. Beaman, 878 F.2d 351, 352 (10th Cir. 1989). The court views the number of motions and other documents filed to date as excessive and have placed a significant burden on the court.[6] Therefore, the court restricts plaintiff's filings from this point forward.

Specifically, this court will entertain no further filings from plaintiff regarding discovery matters. Moreover, plaintiff shall file no other motion or other document <u>unless</u> it is specifically directed to the instant order and findings and recommendations or other pending findings and recommendations (for example, plaintiff may file objections to findings and recommendations), or directed to the district court's order addressing findings and recommendations. In addition, plaintiff is not permitted to file multiple documents objecting to findings and recommendations. Rather, plaintiff is permitted to file ONE single document in which he raises any and all of his objections to the particular findings and recommendations.[7]

Once plaintiff has filed objections to the instant findings and recommendations, plaintiff shall file no other motions until the district court addresses the recommendations, which will take

---

[6] "Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters." Cortez v. City of Porterville, 5 F. Supp. 3d 1160, 1162 (E.D. Cal. 2014).

[7] Under separate cover, the undersigned recommended that plaintiff's motion for injunctive relief be denied. (ECF No. 94.) Plaintiff is also permitted to file single objections to those findings and recommendations, and, if appropriate, respond to any district court order addressing those recommendations, in a single filing.

15

time based upon the volume of cases this court handles. Once the district court addresses the instant findings and recommendations, plaintiff is permitted to file ONE single document, if appropriate, addressing the district court's order. At that time, the court will further address any limitation on plaintiff's ability to file documents in this action.

Violation of such restrictions will result in an order striking the filing.

VII. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court shall file the October 4, 2018 deposition transcript in the court record;

2. Plaintiff's motion for sanctions (ECF No. 71) is denied;

3. Plaintiff's exhibits and privilege logs are disregarded (ECF Nos. 87, 88 & 89), and his motions and other filings concerning discovery are denied as untimely (ECF Nos. 80, 82, 85, 90, 91);

4. Plaintiff's ability to file documents in this action is restricted as set forth above; and

Further, IT IS RECOMMENDED that this action be dismissed as a sanction for plaintiff's intentional and willful refusal to participate in a properly-noticed deposition in violation of the court's order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 1, 2019

stew1232.dsm.dsc.san

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1